KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
LANCE E. WINTERS
Senior Assistant Attorney General
A. SCOTT HAYWARD
Deputy Attorney General
PEGGY Z. HUANG
Deputy Attorney General
State Bar No. 192125
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-2358
 Fax:  (213) 897-6496
 E-mail:  DocketingLAAWT@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH BUTLER,** | Case No. CV 11-3543-DDP (RNB) |
| Petitioner, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| **L.E. McEWEN, WARDEN,** | |
| Respondent. | |

1

Pursuant to the Court's August 10, 2012 Order, the parties have met and conferred and hereby submit this Proposed Stipulated Protective Order for the Court's approval.

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (*en banc*), this Court enters the following Protective Order regarding (1) documents and materials derived from the trial team or trial counsel files that Petitioner Kenneth Butler provides to Respondent in this habeas action and (2) any related testimony provided at an evidentiary hearing in this matter.

1. Respondent has sought discovery materials in this matter that Petitioner contends are subject to claims of privilege or protected from disclosure by the attorney work product doctrine. To the extent that Petitioner's trial counsel's file, including the files of other defense team members, is produced to Respondent during this habeas action, such discovery shall be subject to this Protective Order, shall remain confidential, and shall not be disclosed except pursuant to the terms of this Order. Documents that Petitioner contends are privileged shall be clearly designated as such by labeling the documents in a manner that does not prevent reading the text of the documents.

2. If an evidentiary hearing is held in this case, any testimony by any witness addressing material subject to this order shall be subject to the limitations on use contained in this Protective Order.[1]

3. All privileged materials produced to Respondent in this action, and any in-court testimony that addresses privileged material, may be used only for purposes of litigating this habeas corpus proceeding by: (a) Petitioner and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Butler v. McEwen*, by the Office of the Federal Public Defender, and persons

---

[1] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials.

retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Butler v. McEwen*, by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

4. Except for disclosure to the persons and agencies described in Paragraph 3 for purposes of litigating this habeas corpus action, disclosure of the contents of privileged materials and testimony, and the materials and testimony themselves, shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order.

5. Pursuant to the July 11, 2012 Order of this Court, pleadings revealing the contents of privileged materials subject to this Protective Order are not to be filed under seal, nor will the testimony of any witness at an evidentiary hearing be sealed. However, the State shall be precluded from using any privileged communications or materials or information contained therein, including any testimony relating to the same, against Petitioner in any manner in any future State proceeding, including a retrial.

6. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by a witness at a deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

7. Nothing in this Protective Order is intended to apply to materials or information never subject to the attorney-client or work product privileges in the first place.

8. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

Presented by: /s/ Peggy Z. Huang
PEGGY Z. HUANG
Deputy Attorney General

/s/ Andrea L. Jacobs
ANDREA L. JACOBS
Deputy Federal Public Defender

IT IS SO ORDERED.

DATED: August 17, 2012

_____
HONORABLE ROBERT N. BLOCK
United States Magistrate Judge